| | |
|---|---|
| Michael Cohen - #98066<br>LAW OFFICES OF BRUCE E. KRELL<br>Grove Law Building<br>345 Grove Street<br>San Francisco, CA 94102<br>415/861-4414<br>Fax: 415/431-4526 | E-filing                Original<br>FILED<br>6/29/07<br>Wayne D. Brazil<br>Clerk, U.S. District Court<br>Northern District of California<br>Oakland |

Attorney for Plaintiffs

ADR

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FAMILY OF LELA KAYE HORNER:<br>Harold Horner, Connie Britt, Andy Horner,<br>Cheryl Horner,<br><br>  Plaintiffs,<br><br>vs.<br><br>Keystone America Inc., dba Jones and Lewis<br>Clear Lake Memorial Chapel, and DOES 1-100,<br><br>  Defendants.<br>_____/ | No. C07-03441 WDB<br><br>**JOINT INTERIM CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>DATE: 5/7/08<br>TIME: 1:30 P.M.<br>DEPT: 4 |

The parties to the above-entitled action jointly submit this Interim Case Management Statement and Proposed Order and request the court to adopt it as its Case Management Order in this case.

In the preceding Case Management Conference, the Court sent the parties out with instructions to do basic discovery (without prejudice to doing fuller discovery later), with an eye to possible early mediation. In response, Defendant served basic written discovery, the parties have exchanged documents (which the parties believe, at this point, is a complete exchange - at least as to evidentiary documents pertaining to liability), and the parties have taken the depositions of the two percipient embalmers in the case.

This has been somewhat difficult because each of those embalmers is located in fairly remote areas of the United States (Lewistown, Montana, and Trinidad, Colorado), requiring, in

1

1  both cases, 2-stop air transportation followed by lengthy car travel; and the second deposition
2  essentially took all day.  Further delay has been engendered by the fact that the transcript of the
3  second of those depositions has not yet arrived such that it could be provided to the defense
4  expert, although (1) that is expected soon; and (2) based on defense counsel's description, the
5  defense expert has preliminarily stated what could be the outline of a substantial liability dispute
6  of dueling experts.

7       The parties contemplate some further basic depositions which will likely present similar
8  logistic difficulties as the first two did, because the two depositions the defense anticipates in
9  this round (for the purposes of beginning to assess damages) would take place in Clear Lake,
10 California and Albuquerque, New Mexico.  In this connection, Plaintiff may take the deposition
11 of Defendant's Supervising Director, who is now located in Fresno, California, and of
12 Defendant's representative who dealt most directly with Plaintiffs and their other family
13 members, whose conduct Plaintiffs found so offensive, and who is understood to live now in
14 some other remote place.

15      Whether Plaintiff will take the deposition of Defendant's consulting expert at this time is
16 not yet clear.  Plaintiff may retain a separate expert on the Standard of Care, which is shaping up
17 to be possibly the major liability issue in the case, depending on what Defendant's expert
18 ultimately concludes; and there also appears to be an issue forming at this stage between the
19 defense expert and the Colorado percipient embalmer as to whether Defendant's expert agrees at
20 all that one of the things that the Colorado embalmer testified strongly was error on the part of
21 Defendant in Clear Lake was in fact error.

22      Another question is whether there is umbrella coverage.  Plaintiff anticipates that the
23 question whether early mediation will be promising will depend on the degree to which the
24 defense expert believes and can articulate a position of non-liability; because, if both sides feel
25 strongly opposite about liability, there may be little room for compromise; whereas if both
26 experts allow, in light of the testimony of the other expert, for at least the possibility of liability

1  and/or non-liability, respectively, then early compromise becomes more possible.

2  The parties believe that a further continuance of this matter for another three months
3  would best serve the needs of the parties and the Court; and they therefore join in requesting
4  such continuance - a further reason for this length being defense counsel's calendar which has
5  substantial trials in both May and June.

6  DATED: May 1, 2008                           DATED: May 1, 2008

7  LAW OFFICES OF BRUCE E. KRELL, INC.   LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

8

9

10
   By   /S/                                    By   /S/
11     Michael Cohen                              Howard Leigh Churchill

12                          INTERIM CASE MANAGEMENT ORDER

13  The Interim Case Management Statement and Proposed Order is hereby adopted by the
14  Court as the Interim Case Management Order for the case and the parties are ordered to comply
15  with this Order.  In addition the Court orders:

16      a.    Further Case Management Conference on _____, 2008.

17      b.    At that time, the Court shall make further Orders.

18  DATED: _____

19

20  _____
21  UNITED STATES DISTRICT JUDGE

22

23

24

25

26