```
Michael Cohen - #98066                E-filing                    Original
LAW OFFICES OF BRUCE E. KRELL                                       FILED
Grove Law Building                                                 6/29/07
345 Grove Street                                            Wayne D. Brazil
San Francisco, CA 94102                              Clerk, U.S. District Court
415/861-4414                                      Northern District of California
Fax: 415/431-4526                                                  Oakland
```

Attorney for Plaintiffs

ADR

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cheryl Horner, <br><br> Plaintiffs, <br><br> vs. <br><br> Keystone America Inc., dba Jones and Lewis Clear Lake Memorial Chapel, and DOES 1-100, <br><br> Defendants. | No. C07-03441 WDB <br><br> **JOINT INTERIM CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> DATE: 5/7/08 <br> TIME: 1:30 P.M. <br> DEPT: 4 |

The parties to the above-entitled action jointly submit this Interim Case Management Statement and Proposed Order and request the court to adopt it as its Case Management Order in this case.

In the preceding Case Management Conference, the Court sent the parties out with instructions to do basic discovery (without prejudice to doing fuller discovery later), with an eye to possible early mediation. In response, Defendant served basic written discovery, the parties have exchanged documents (which the parties believe, at this point, is a complete exchange - at least as to evidentiary documents pertaining to liability), and the parties have taken the depositions of the two percipient embalmers in the case.

This has been somewhat difficult because each of those embalmers is located in fairly remote areas of the United States (Lewistown, Montana, and Trinidad, Colorado), requiring, in

both cases, 2-stop air transportation followed by lengthy car travel; and the second deposition essentially took all day. Further delay has been engendered by the fact that the transcript of the second of those depositions has not yet arrived such that it could be provided to the defense expert, although (1) that is expected soon; and (2) based on defense counsel's description, the defense expert has preliminarily stated what could be the outline of a substantial liability dispute of dueling experts.

The parties contemplate some further basic depositions which will likely present similar logistic difficulties as the first two did, because the two depositions the defense anticipates in this round (for the purposes of beginning to assess damages) would take place in Clear Lake, California and Albuquerque, New Mexico. In this connection, Plaintiff may take the deposition of Defendant's Supervising Director, who is now located in Fresno, California, and of Defendant's representative who dealt most directly with Plaintiffs and their other family members, whose conduct Plaintiffs found so offensive, and who is understood to live now in some other remote place.

Whether Plaintiff will take the deposition of Defendant's consulting expert at this time is not yet clear. Plaintiff may retain a separate expert on the Standard of Care, which is shaping up to be possibly the major liability issue in the case, depending on what Defendant's expert ultimately concludes; and there also appears to be an issue forming at this stage between the defense expert and the Colorado percipient embalmer as to whether Defendant's expert agrees at all that one of the things that the Colorado embalmer testified strongly was error on the part of Defendant in Clear Lake was in fact error.

Another question is whether there is umbrella coverage. Plaintiff anticipates that the question whether early mediation will be promising will depend on the degree to which the defense expert believes and can articulate a position of non-liability; because, if both sides feel strongly opposite about liability, there may be little room for compromise; whereas if both experts allow, in light of the testimony of the other expert, for at least the possibility of liability

1. and/or non-liability, respectively, then early compromise becomes more possible.
2. The parties believe that a further continuance of this matter for another three months
3. would best serve the needs of the parties and the Court; and they therefore join in requesting
4. such continuance - a further reason for this length being defense counsel's calendar which has
5. substantial trials in both May and June.
6. DATED: May 1, 2008                              DATED: May 1, 2008
7. LAW OFFICES OF BRUCE E. KRELL, INC.    LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

By___/S/_____    By___/S/_____
    Michael Cohen                                          Howard Leigh Churchill

INTERIM CASE MANAGEMENT ORDER

The Interim Case Management Statement and Proposed Order is hereby adopted by the Court as the Interim Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

    a.    Further Case Management Conference on __August 11__, 2008 at 1:30 p.m. By no later than August 7, 2008, at <u>noon</u>, the parties must file a Further Joint Case Management Statement

    b.    At that time, the Court shall make further Orders.

DATED: _May 2, 2008_____

_____/s/ Wayne D. Brazil_____
UNITED STATES ~~DISTRICT JUDGE~~
              Magistrate