1  HOWARD L. CHURCHILL, SB# 79872
     E-Mail: churchill@lbbslaw.com
2  ANDJE MOROVICH, SB#251288
     E-Mail: morovich@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   One Sansome Street
4  Suite 1400
   San Francisco, California 94104
5  Telephone: (415) 362-2580
   Facsimile: (415) 434-0882
6
   Attorneys for KEYSTONE AMERICA, INC. dba
7  JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

10

11  THE FAMILY OF LELA KAYE HORNER:      ) CASE NO. C07-03441
    Harold Horner, Connie Britt, Andy Horner,  )
12  Cherly Horner,                       )
                                         )
13              Plaintiffs,              ) **STIPULATION TO ALLOW DEFENDANT**
                                         ) **KEYSTONE AMERICA, INC. dba JONES**
                                         ) **AND LEWIS CLEAR LAKE MEMORIAL**
14      v.                               ) **CHAPEL TO FILE A CROSS-**
                                         ) **COMPLAINT**
15  KEYSTONE AMERICA, INC., dba JONES    )
    AND LEWIS CLEAR LAKE MEMORIAL        )
16  CHAPEL, and DOES 1-100,              )
                                         )
17              Defendants.              )
                                         )
18  ─────────────────────────────────────)

19          The parties to the above-entitled action stipulate as follows:

20          In the preceding Case Management Conference, the Court sent the parties out with the

21  instructions to do basic discovery without prejudice to complete additional discovery at a later time

22  with an eye for a possible early mediation.  In response, Defendant, KEYSTONE AMERICA, INC.

23  dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL (herein after referred to as

24  "KEYSTONE") has served basic written discovery on the parties and has received responses to that

25  discovery.  Additionally, the current parties have exchanged documents which the parties believe, at

26  this point, constitute a complete exchange.

27          In addition to the foregoing, the deposition of Michael Murphy, the owner of Mullare, Murphy

28  Funeral Home, located in Trinidad, Colorado, has been completed.  Mr. Murphy's deposition

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

transcript has been forwarded to Defendant KEYSTONE'S consultant in this matter. Based upon the consultant's review of the deposition transcript, it is KEYSTONE'S consultant's view that a cause of action exists against Mullare, Murphy Funeral Home for indemnification and/or contribution as a joint tortfeasor.

The parties further Stipulate that a motion to serve and file a Third-Party Complaint shall be waived notwithstanding FRCP 14(a).

SO STIPULATED.

DATED: July 18, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP


By _____
Andje Morovich
Attorneys for KEYSTONE AMERICA, INC. DBA
JONES AND LEWIS CLEAR LAKE MEMORIAL
CHAPEL

DATED: July ___, 2008          LAW OFFICE OF BRUCE E. KRELL


By _____
Michael Cohen, Esq.
Attorneys for Plaintiffs, FAMILY OF LELA KAYE
HORNER


GOOD CAUSE APPEARING,

It is hereby Ordered that the Proposed Third-Party Complaint for Indemnification, Contribution and Declaratory Relief, appended hereto as Exhibit A, shall be filed and served within the next thirty (30) days.

SO ORDERED.

DATED:          _____
Honorable Wayne D. Brazil,
UNITED STATE DISTRICT COURT MAGISTRATE

1  transcript has been forwarded to Defendant KEYSTONE'S consultant in this matter. Based upon the
2  consultant's review of the deposition transcript, it is KEYSTONE'S consultant's view that a cause of
3  action exists against Mullare, Murphy Funeral Home for indemnification and/or contribution as a
4  joint tortfeasor.

5      The parties further Stipulate that a motion to serve and file a Third-Party Complaint shall be
6  waived notwithstanding FRCP 14(a).

7      SO STIPULATED.

8  DATED: July 18, 2008              LEWIS BRISBOIS BISGAARD & SMITH LLP

9

10              By _____
11                  Andje Morovich
                    Attorneys for KEYSTONE AMERICA, INC. DBA
12                  JONES AND LEWIS CLEAR LAKE MEMORIAL
                    CHAPEL
13  DATED: July 25, 2008             LAW OFFICE OF BRUCE E. KRELL

14

15              By _____
16                  Michael Cohen, Esq.
                    Attorneys for Plaintiffs, FAMILY OF LELA KAYE
17                  HORNER

18

19      GOOD CAUSE APPEARING,

20      It is hereby Ordered that the Proposed Third-Party Complaint for Indemnification, Contribution
21  and Declaratory Relief, appended hereto as Exhibit A, shall be filed and served within the next thirty
22  (30) days.

23      SO ORDERED.

24  DATED:                           _____
25                                   Honorable Wayne D. Brazil,
                                     UNITED STATE DISTRICT COURT MAGISTRATE
26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4842-4404-5314.1                           -2-

**CERTIFICATE OF SERVICE BY MAIL**
*United States District Court, Northen District of California, Oakland Division*
Case No. CO7-03441 WDB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On July 29, 2008, I served the following document(s):

**STIPULATION TO ALLOW DEFENDANT KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL TO FILE A CROSS-COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael Cohen, Esq.
LAW OFFICE OF BRUCE E. KRELL
345 Grove Street
San Francisco, California 94102
Tel.: 415.861.4414
Fax: 415.431.4526
**ATTORNEYS FOR PLAINTIFFS**

The documents were served by the following means:

[X]    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ]    Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]    Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 29, 2008, at San Francisco, California.

_Elaine Auwbrey_
Elaine Auwbrey

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

# EXHIBIT A

HOWARD L. CHURCHILL, SB# 79872
    E-Mail: churchill@lbbslaw.com
ANDJE MOROVICH, SB# 251288
    E-Mail: morovich@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for KEYSTONE AMERICA, INC.dba
JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| THE FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cherly Horner, | ) CASE NO. C07-03441 WDB ) |
| Plaintiffs, | ) **DEFENDANT'S CROSS-COMPLAINT** ) **FOR INDEMNITY AGAINST MULLARE** ) **MURPHY FUNERAL HOME FOR:** |
| v. | ) ) |
| KEYSTONE AMERICA, INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL, and DOES 1-100, | ) **1. Total Equitable Indemnification;** ) **2. Apportionment of Fault/** ) **Contribution;** ) **3. Declaratory Relief** |
| Defendants. | ) **[Filed concurrently with Stipulation to Allow** ) **Cross-Complaint]** |
| KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL, | ) ) ) |
| Cross-Complainants, | ) ) |
| v. | ) ) |
| MULLARE, MURPHY FUNERAL HOME, INC. a Colorado Corporation, and ROES 1-100, | ) ) ) |
| Cross-Defendants. | ) ) |

COMES NOW Cross-Complainants KEYSTONE AMERICA, INC. dba JONES AND

LEWIS CLEAR LAKE MEMORIAL CHAPEL ("Cross-Complainants"), who hereby complain

and allege, as follows:

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

## I. JURISDICTION

2      1.      These Counterclaims arise out of the same transactions and occurrence as set forth

3  in the underlying complaint brought by plaintiffs THE FAMILY OF LELA KAYE HORNER:

4  Harold Horner, Connie Britt, Andy Horner, Cheryl Horner against defendant KEYSTONE

5  AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL.  As such,

6  subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332.

7      2.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a)(2) and

8  1391(b)(2).

9

## II. PARTIES

10      1.      At all times herein mentioned, Cross-complainant KEYSTONE AMERICA, INC.

11  dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL was incorporated under the

12  laws of the State of Delaware and was/is entitled to do business in the State of California.

13      2.      Cross-Complainants are informed and believe, and thereon allege, that at all times

14  mentioned herein and material hereto, Cross-Defendant, MULLARE, MURPHY FUNERAL

15  HOME, INC., is a corporation, organized under the laws of the State of Colorado, and authorized

16  to do business in the State of Colorado.

17      3.      Cross-Complainants are uncertain of the true names and capacities of

18  cross-defendants ROES 1 through 100, Inclusive, and sues said cross-defendants by such fictitious

19  names.  Cross-Complainants allege that each said ROE Cross-Defendant is responsible, as

20  principal and/or agent, for the events alleged herein.  Cross-Complainants will insert the true

21  names and capacities of said fictitiously named Cross-Defendants when the same have been

22  ascertained.

23      4.      That Cross-Complainants are informed and believe, and thereon allege that at all

24  times mentioned herein and material hereto, Cross-Defendants and ROES 1 through 100,

25  inclusive, were the agents, servants, and employees and partners of the others, acting within the

26  scope thereof.  A reference to "Cross-Defendants," refers to these cross-defendants jointly and

27  severally.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

-2-

DEFENDANT'S CROSS-COMPLAINT FOR INDEMNITY
AGAINST MULLARE, MURPHY FUNERAL HOME INC.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    5.    Cross-Complainants are named as defendants in a complaint brought by THE

2  FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cherly Horner

3  (collectively referred to as "HORNER FAMILY"), in the above-entitled lawsuit which was filed in

4  the Superior Court for the State of California, County of San Francisco, Case No. C07-03441

5  WDB, attached as Exhibit A is the HORNER FAMILY complaint.  The HORNER FAMILY

6  complaint alleges negligence in connection with various cemetery and funeral services provided to

7  the HORNER FAMILY for the burial of Lela Kaye Horner.  The allegations of the complaint are

8  incorporated herein.

9                              **GENERAL ALLEGATIONS**

10    6.    Cross-Complainants deny any liability or responsibility to the HORNER FAMILY.

11  For the sole purpose of establishing the issues herein, Cross-Complainants re-allege the allegations

12  contained in the HORNER FAMILY's complaint and incorporate each and all of the allegations

13  within the HORNER FAMILY'S complaint as though fully set forth herein.

14    7.    Cross-Complainants are informed and believe, and thereon allege, that at the time

15  and place of the incident alleged in the HORNER FAMILY'S complaint on file herein,

16  Cross-Defendants, and each of them, were negligent, careless, and reckless in a manner which was

17  the proximate cause of the injuries and damages, if any, sustained by the HORNER FAMILY.

18    8.    Cross-Complainants are informed and believe, and thereon allege, that Cross-

19  Defendants MULLARE, MURPHY FUNERAL HOME, INC., together and in conjunction with

20  one another through themselves and as agents of one another (collectively referred to as

21  "MULLARE MURPHY"), entered into an agreement with the HORNER FAMILY for the care

22  and preservation of the body of Lela Kaye Horner and to provide funeral and viewing services for

23  the HORNER FAMILY in Colorado.

24    9.    Cross-Complainants are informed and believe, and thereon allege, that pursuant to

25  the agreement between MULLARE MURPHY and the HORNER FAMILY, MULLARE

26  MURPHY, agreed to transport the body of Lela Kaye Horner from the Colorado Springs Airport to

27  the MULLARE MURPHY premises in Trinidad, Colorado where the body would be maintained

28  and preserved in a manner that would allow for open casket funeral services.  MULLARE

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 382-2580

1    MURPHY would then transport the body from Trinidad to Branson, Colorado for funeral services

2    and burial.

3         10.    Cross-Complainants are informed and believe, and thereon allege, that pursuant to

4    the agreement between MULLARE MURPHY and the HORNER FAMILY, MULLARE

5    MURPHY had a duty to use such skill, prudence, and diligence, in performance of the various

6    cemetery and funeral duties and responsibilities of professionals which are commonly possessed

7    and exercised by licensed funeral homes in the performance of such tasks in its community.

8         11.    Cross-Complainants are informed and believe, and thereon allege, that during the

9    course of the MULLARE MURPHY'S possession of Lela Kaye Horner, MULLARE MUPRHY

10   negligently performed its duties and obligations owed to the HORNER FAMILY pursuant to the

11   agreement to care for and preserve the body of Lela Kaye Horner such that an open casket service

12   could be held in Colorado.  As a result of MULLARE MURPHY's negligent performance, the

13   HORNER FAMILY suffered damages which are the subject of their San Francisco Superior Court

14   Case complaint filed against Cross-Complainants.  Should Cross-Complainant be found liable to

15   the HORNER FAMILY for damages, such liability is derivative of MULLARE MURPHY'S

16   negligence and breach of its duties and obligations owed to the HORNER FAMILY.

17        12.    Cross-Complainants allege that in the event negligence of Cross-Defendants, and

18   each of them, is determined to have been a proximate cause of the injuries and damages, if any,

19   allegedly sustained by the HORNER FAMILY, then Cross-Complainants are entitled to full

20   indemnity and contribution from said Cross-Defendants, and each of them, on a comparative fault

21   basis and in an amount equal to the portion of the verdict or judgment herein, if any, which is

22   attributable to the negligent acts or omissions of Cross-Defendants, and each of them.

23                          **FIRST CAUSE OF ACTION**

24                       **(Total Equitable Indemnification)**

25        13.    Cross-complainant re-alleges and incorporates herein by reference each and every

26   allegation set forth in paragraphs 1 - 12 though fully set forth herein.

27        14.    MULLARE, MURPHY FUNERAL HOME, INC. a Colorado Corporation, and

28   ROES 1-100, and each of them, are in the business of providing funeral services in the state of

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    Colorado, and participated in providing funeral services for plaintiffs in conjunction with the death

2    of Lela Kaye Horner.

3    15.    Cross-Defendants, and each of them, in their capacity as funeral service providers

4    negligently handled, supervised, maintained, stored, shipped, and/or transported the body of Lela

5    Kaye Horner in conjunction with providing funeral services to the HORNER FAMILY.

6    16.    The principle action, set forth in the complaint, alleges, among other things, a right

7    to recover, through subrogation and indemnity, losses against cross-complainant KEYSTONE

8    AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL for damages

9    resulting from the presence of "purge" and inability to have an open casket ceremony for Lela

10   Kaye Horner in Colorado.

11   17.    Cross-Complainant is informed and believes and thereon alleges that if cross-

12   complainant is found to be liable for the damages, if any, allegedly sustained by plaintiffs, then

13   cross -defendants, and each of them, have an equitable duty to indemnify cross-complainant

14   because of the active and primary nature of the conduct of the cross-defendants, and each of them,

15   as contrasted with the passive and secondary nature of the conduct of this Cross-complainant.

16   18.    As a direct and proximate result, Cross-complainant has been damaged in a sum

17   which is currently not ascertainable, but which will be established according to proof at the time of

18   trial.

19   19.    Consequently, Cross-complainant KEYSTONE AMERICA, INC. dba JONES

20   AND LEWIS CLEAR LAKE MEMORIAL CHAPEL is entitled to total equitable indemnity, and

21   contribution, for any liability among and from the aforesaid cross-defendants, and each of them, in

22   exclusive proportion, for the damages and losses allegedly sustained by plaintiffs, by way of sums

23   paid in settlement, or judgment rendered against KEYSTONE AMERICA, INC. dba JONES AND

24   LEWIS CLEAR LAKE MEMORIAL CHAPEL in the action based upon plaintiffs' complaint

25   and/or on cross-complaints filed, or to be filed by others.  Such indemnification and/or

26   contribution shall include any and all attorneys' fees and court costs incurred by KEYSTONE

27   AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL in the

28   defense of plaintiffs' complaint or in the defense of cross-complaints filed or to be filed herein.

1  KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL

2  hereby tenders its defense to MULLARE, MURPHY FUNERAL HOME, INC. and ROES 1-100,

3  and each of them, and demands that they indemnify, defend and hold KEYSTONE AMERICA,

4  INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL harmless from and against

5  all allegations of plaintiffs' complaint herein.

6       WHEREFORE, judgment is prayed as hereafter set forth.

7                    **SECOND CAUSE OF ACTION**

8                 **(Apportionment of Fault/Contribution)**

9       20.    Cross-Complainants refer to paragraphs 1 through 19 and incorporates the same

10  herein by reference as though fully set forth.

11      21.    Cross-Complainants are now faced with a loss, which, in good conscience, equity,

12  and justice, Cross-Complainants should not be faced with by virtue of the conduct of

13  Cross-Defendants, and each of them.

14      22.    Each cross-defendant was responsible, in whole or in part, for the injuries, if any,

15  suffered by plaintiffs.

16      23.    By reason of the negligence of cross-defendants, and each of them, if any judgment

17  or settlement occurs herein by which Cross-Complainants are required to make payment to the

18  HORNER FAMILY, Cross-Complainants are entitled to contribution from Cross-Defendants in an

19  amount commensurate with that portion of comparative fault attributable to the negligent acts and

20  omissions of Cross-Defendants, and each of them.

21      24.    If Cross-complainant KEYSTONE AMERICA, INC. dba JONES AND LEWIS

22  CLEAR LAKE MEMORIAL CHAPEL is judged liable to plaintiffs for subrogation and

23  indemnity, each cross-defendant should be required to: (1) pay a share of plaintiffs' judgment

24  which is in proportion to the comparative negligence of that cross-defendant in causing plaintiffs'

25  damages, and (2) to reimburse cross-complainant KEYSTONE AMERICA, INC. dba JONES

26  AND LEWIS CLEAR LAKE MEMORIAL CHAPEL for any payment it makes to plaintiffs in

27  excess of its proportional share of all cross-defendants' negligence.

28       WHEREFORE, judgment is prayed as hereafter set forth.

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

### THIRD CAUSE OF ACTION

#### (For Declaratory Relief)

25.    Cross-Complainants refer to paragraphs 1 through 24 and incorporates the same herein by reference as though fully set forth.

26.    A dispute has arisen, and an actual controversy exists, between Cross-Complainants and Cross-Defendants, and each of them, concerning the respective rights, duties, and obligations of Cross-Defendants, and each of them, to indemnify or provide comparative contribution to Cross-Complainants in regard to a verdict or judgment, if any, rendered against Cross-Complainants in the above-entitled action by reason of the allegations of the HORNER FAMILY's complaint on file herein. Cross-Complainants respectfully requests a declaration of rights and duties of Cross-Defendants, and each of them, to Cross-Complainants.

27.    It is the contention of the Cross-Complainants that in the event the acts and omissions of Cross-Defendants, and each of them, are determined to have been a proximate cause of the injuries and damages, if any, allegedly sustained by the HORNER FAMILY, then Cross-Complainants are entitled to indemnity or comparative contribution from Cross-Defendants, and each of them, in an amount commensurate with the degree of fault attributable to the negligence of Cross-Defendants, and each of them.

28.    Cross-Complainants are informed and believe, and thereon allege, that Cross-Defendants, and each of them, deny any breach of duty on their part and further deny, by implication, that they are obligated to indemnify or provide comparative contribution to Cross-Complainants.

29.    Cross-Complainants have incurred and will continue to incur attorney's fees, expert fees, costs and discovery expenses in the above-entitled action. The exact amount of said attorney's fees, expert fees, costs and discovery expenses incurred, or to be incurred, has not yet been ascertained. Cross-Complainants will seek leave of the Court, if necessary, to assert herein the true amount thereof in this Cross-Complaint when the amount has been ascertained. Cross-Defendants, and each of them, are obligated to Cross-Complainants for each and all of said attorney's fees, expert fees, costs and discovery expenses which have been incurred, or which will

1   be incurred, by Cross-Complainants in the above-entitled action, and cross-defendants, and each of

2   them, should be ordered to pay to Cross-Complainants the true amount thereof upon the trial of the

3   above-entitled action.

4        WHEREFORE, Cross-Complainants herein pray for judgment against cross-defendants,

5   and each of them, as follows:

6                            **PRAYER FOR RELIEF**

7        1.     If Cross-Complainants are found to be liable to plaintiff in the case in chief, then

8   for judgment to be rendered against Cross-Defendants, and each of them, for full, complete or

9   partial indemnity in an amount commensurate with that degree of fault attributable to the

10  negligence of Cross-Defendants, and each of them;

11       2.     For a decree by this Court resolving all of the rights and liability of the parties, and

12  each of them, with specific reference to Cross-Complainant's right of indemnity or comparative

13  contribution from Cross-Defendants, and each of them;

14       3.     For a declaration by this Court determining that Cross-Complainants are entitled to

15  reimbursement by way of indemnification or comparative contribution from Cross-Defendants,

16  and each of them, in respect to any and all settlements or compromises which may be entered into

17  between Cross-Complainants and plaintiff, and that said reimbursement be determined upon the

18  basis of the comparative fault of Cross-Defendants, and each of them, in relation to the total sum

19  of any such settlement;

20       4.     For all attorney's fees, expert fees, costs and discovery expenses incurred, or to be

21  incurred, by Cross-Complainants as a defendant in the above-entitled action, according to proof;

22       5.     For costs of suit incurred herein; and

23       6.     For such other and further relief as the Court may deem just and proper.

24  DATED: July 8, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

25

26                               By _____
                                     Howard L. Churchill
27                                   Andje Morovich
                                     Attorneys for KEYSTONE AMERICA, INC. dba JONES
28                                   AND LEWIS CLEAR LAKE MEMORIAL CHAPEL

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

EXHIBIT A

E-filing

*ORIGINAL FILED*
*JUN 28 2007*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND, CALIFORNIA*

*ADR*

1  Michael Cohen - #98066
   LAW OFFICES OF BRUCE E. KRELL
2  Grove Law Building
   345 Grove Street
3  San Francisco, CA 94102
   415/861-4414
4  Fax: 415/431-4526

5  Attorney for Plaintiffs

6

7

8        UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

9  THE FAMILY OF LELA KAYE HORNER:        No.  C07-03441
   Harold Horner, Connie Britt, Andy Horner,
10 Cheryl Horner,                          COMPLAINT

11       Plaintiffs,                                          *WDB*

12 vs.

13 Keystone America Inc., dba Jones and Lewis
   Clear Lake Memorial Chapel, and DOES 1-100,
14
         Defendants.
15 _____/

16       Plaintiffs, by and through counsel, hereby complain against Defendants as follows:

17                                    **JURISDICTION**

18       1.    This action arises out of the mis-handling, by Defendant Cemetery and Funeral

19 Licensees, of the body of Plaintiffs' Decedent LELA KAYE HORNER.  Jurisdiction is founded

20 upon 28 USC 1332, in that the Plaintiffs are citizens of California, and the named Defendant is a

21 citizen of Delaware, where it is incorporated, and Florida, where its principal place of business is

22 located.

23                            **INTRA-DISTRICT ASSIGNMENT**

24       2.    A substantial part of the events and/or omissions complained of herein occurred in

25 Lake County, California, and this action is properly assigned to the Oakland or San Francisco

26 Divisions of the United States District Court for the Northern District of California.

1

Complaint

**PLAINTIFFS**

3.    Plaintiff HAROLD HORNER is the Husband of Decedent LELA KAYE HORNER; he is a citizen of the State of California.

4.    Plaintiff CONNIE BRITT is the Daughter of Decedent LELA KAYE HORNER; she is a citizen of the State of California.

5.    Plaintiff ANDY HORNER is the Son of Decedent LELA KAYE HORNER; he is a citizen of the State of California.

6.    Plaintiff CHERYL HORNER is the Daughter of Decedent LELA KAYE HORNER; she is a citizen of the State of California.

7.    Plaintiff LARADA HORNER is the Sister of Plaintiff HAROLD HORNER; she is a citizen of the State of New Mexico.

8.    The HORNER family is, and at all times relevant was, an extremely close knit family, regardless whether the family members lived in California where LELA and HAROLD had lived for 24 years, or in the Colorado/Texas/New Mexico area, where LELA and HAROLD grew up and met.

**DEFENDANTS**

9.    Defendant KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL, at all times herein mentioned was a corporation, organized in Delaware, with its principal place of business in Florida, and licensed by the State of California to engage in the cemetery and funeral profession.

10.    Plaintiff is informed, believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1 through 40, inclusive, and each of them, were and are individuals, corporations or non-incorporated entities, licensed under California laws to perform various functions in the cemetery and funeral profession, including but not limited to the following functions: Cemetery Manager, Crematory Manager, Cemetery Broker, Cemetery Broker Additional, Cemetery Salesperson, Cremated Remains Disposer, Funeral Director, and/or

2

Complaint

1  Embalmer,  and were engaged in those functions as agents and/or employees of the above-

2  mentioned corporate Defendants, and each of them, in Lake County, California; and, at all times

3  herein mentioned, were acting within the course and scope of this agency and/or employment.

4        11.    Plaintiff is informed, believes and thereon alleges, that, at all times herein

5  mentioned, Defendants DOES 1 through 60 inclusive, and each of them, were engaged and/or

6  employed in various capacities in the cemetery and funeral profession, including but not limited

7  to the following capacities: Cemetery Manager, Crematory Manager, Cemetery Broker, Cemetery

8  Broker Additional, Cemetery Salesperson, Cremated Remains Disposer, Funeral Director, and/or

9  Embalmer, acting in the aid or assistance of the named Defendants and each of them, and acting

10  within the course and scope of this engagement, agency and/or employment.

11        12.    Plaintiff does not know the true names and capacities, whether corporate,

12  associate or individual, of Defendants DOES 1 through 100, inclusive, and therefore sues them

13  by those fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of

14  those Defendants was in some manner negligently and legally responsible for the events and

15  happenings alleged in this complaint and for plaintiff's injuries and damages.

16        13.    Plaintiff is informed and believes, and thereon alleges, that, at all times

17  mentioned, each of the Defendants, named and DOES, was the agent and employee of each of

18  their codefendants, and in doing the things alleged in this complaint were acting within the

19  course and scope of that agency and employment.  Moreover, the conduct of each Defendant

20  herein was authorized and/or ratified by each of the remaining Co-Defendants; and each

21  Defendant, when acting as a principal, was negligent in the selection and hiring of each other

22  Defendant as an agent or employee.

                              **FACTS**

24        14.    On or about July 7, 2005, LELA died, at age 50, following a long and decimating

25  illness.

26        15.    The following day, Plaintiffs HAROLD HORNER, CONNIE BRITT, ANDY

3

———————

Complaint

1   HORNER and CHERYL HORNER, along with LELA's parents and LELA's sisters, met with a

2   representative of Defendants and each of them and HAROLD HORNER contracted with

3   Defendants and each of them to embalm LELA's body and provide other related services so that

4   the family, both in Northern California and later in Colorado could honor her with a traditional

5   service, and to see her a last time, more as they remembered her from before the cruel illness

6   which struck her down too early in life.

7          16.    The Northern California service was scheduled for the following Tuesday, July

8   12th in Lake County. The Colorado service was scheduled for Saturday, July 15th, in Branson,

9   Colorado.

10         17.    Apparently because "nobody (at least from the staff of Defendants and of each of

11  them) works on the weekend", LELA's body was not embalmed until Tuesday morning, the 12th;

12  and, for reasons unknown, the embalming was done, apparently hurriedly, by an apprentice, who,

13  shortly thereafter, was no longer employed by Defendants and each of them. The embalming was

14  extremely poorly done.

15         18.    At noon on the 12th, the family arrived on schedule to view LELA's body

16  privately. The family was kept waiting for over a half hour; and, when family members were

17  shown the body, they were shocked.

18         19.    LELA's body, especially her face and throat, was bloated or swollen to the point

19  where she was unrecognizable. Further, her jaw line and the wig that was placed on her head

20  were distorted by the way her head had been propped up, such that her son had to request a

21  representative of Defendants and each of them to try to fix it.

22         20.    Additionally, representatives of Defendants and each of them conducted their

23  other duties and relations with the family so carelessly as to destroy for the family the important,

24  life passage experience, help and support for which it is Defendants' and each of their

25  professional duty to provide, and for which help and support the family was so dependent upon

26  Defendants and each of them. Instead of this help and support, Defendants and each of them

4

Complaint

1   provided the following:

2        a.     A representative of Defendants and each of them, whose specific duty it

3 was to help and support the family at the time of the viewing, obsessively regaled the family with

4 a discussion of his Parkinson's condition, and his impending retirement to which he was looking

5 forward, stating that this most delicate of occasions for the family was his last "job".

6        b.     This gentleman also brought the wrong fliers to the Chapel service, so he

7 had to drive back to the offices of Defendants and each of them and get the right ones; and he

8 was consequently late such that a number of people did not receive the fliers in time for the

9 service.

10        c.     Defendants and each of them, additionally, failed to place the obituary in

11 the local papers in time, so a number of people who would have come had they seen it, could not.

12        d.     Also particularly disconcerting, at the least, to the family, who were

13 naturally extremely sensitive because of their vulnerability in the circumstances, was the vast

14 discrepancy between the price the representative of Defendants and each of them had discussed

15 with many of the family present on the 8th ($2,895.00, "including everything"), and the $7,500.00

16 bill which Defendants and each of them presented to Plaintiffs HAROLD HORNER, ANDY

17 HORNER, ELVA HORNER and LARADA HORNER on the 11th. After Plaintiff LARADA

18 HORNER demanded an explanation, a representative of Defendants and each of them told the

19 family only that the many items on the bill which Plaintiff HAROLD HORNER had not chosen

20 to use and which were never discussed with him were part of a "package deal"; but no "package

21 deal" had ever been discussed with anyone in the family.

22     21.     The awful effects of the wrongdoing of Defendants and each of them, both

23 materially and emotionally, continued in Colorado.

24        a.     To begin with, Defendants and each of them failed to place the obituary in

25 the local paper in Colorado; then, the obituary that Defendants and each of them placed in the

26 local paper in LELA's birthplace, in nearby Clayton, New Mexico, was missing important

5

Complaint

1   information.

2           b.      On Friday, the 15th, the local mortician in Colorado, Mr. Murphy, checked

3   the body, found "purge" coming out of the corner of the mouth, and did what he could to fix the

4   problem temporarily, knowing that he would have to do certain things before the service the

5   following day, Plaintiff HAROLD HORNER having decided to wait until the next day to see his

6   wife for the last time, at the hometown church where they were married 32 years before.

7           c.      However, the consequences of the execrable job of embalming by

8   Defendants and each of them, which was so bad there was nothing Mr. Murphy could do to

9   remedy it, resulted in Plaintiff HAROLD HORNER being deprived of his last look at his wife.

10                  (1)     On checking the body the following morning, Mr. Murphy found

11  yet more "purge", the pillow partially soaked, and a noticeable odor.

12                  (2)     Mr. Murphy did what he could; but there was no chance of

13  reversing the consequences of Defendants' and each of their extraordinarily bad embalming; and,

14  when he opened the casket later that day at the church to do what he hoped would be sufficient

15  touch up to allow the family its last viewing, he discovered that the "purge" had accelerated to

16  the point where the entire lining was soaked from head to toe and the odor had become a lot

17  worse; so, he called in LELA's sister, and another family member, Plaintiff CHERYL

18  HORNER's fiancé', Ted Christensen; and the then unavoidable decision was made to abandon

19  hope for an open casket service, thereby unhappily denying the family and friends gathered there

20  their final chance to see LELA the one last time which is so significant for bereaved families and

21  close friends.

22                  **FIRST CAUSE OF ACTION [Breach of Contract]**

23          22.     PLAINTIFFS refer to paragraphs 1 through 21, inclusive, of this Complaint and

24  by this reference make them a part hereof.

25          23.     From and after the time of contracting, Defendants, and each of them, so

26  negligently failed to exercise the proper degree of knowledge, skill and care in attending to their

6

Complaint

1   and each of their duties pertaining to LELA's body and to the Plaintiff members of LELA's

2   family that those PLAINTIFFS and each of them were caused to suffer the injuries and damages

3   alleged herein.

4       24.    The contract was written.

5       25.    The contracting Plaintiff members of LELA's family performed all their

6   obligations to Defendants and each of them.

7       26.    As a legal and proximate result of the acts of Defendants and each of them, the

8   Plaintiff members of LELA's family were caused to sustain the herein described injuries and

9   damages.

10      WHEREFORE, PLAINTIFFS pray judgment as set forth below.

11                    SECOND CAUSE OF ACTION [Negligence]

12      27.    PLAINTIFFS refer to paragraphs 1 through 31, inclusive, of this Complaint and

13   by this reference make them a part hereof.

14      28.    Defendants and each of them performed their professional duties to the Plaintiff

15   members of the HORNER family, including but not limited to Cemetery Manager, Crematory

16   Manager, Cemetery Broker, Cemetery Broker Additional, Cemetery Salesperson, Cremated

17   Remains Disposer, Funeral Director, and/or Embalmer, so negligently as to cause said

18   PLAINTIFFS to sustain the herein described injuries and damages.

19      29.    PLAINTIFFS are informed and believe, and thereon allege, that, in engaging in

20   the conduct alleged herein, Defendants and each of them acted fraudulently and in conscious

21   disregard of Plaintiff's rights under the meaning of California Civil Code Section 3294; and that

22   this despicable conduct was ratified by managing agents, officers and/or directors of Defendants

23   and each of them.

24      WHEREFORE, Plaintiffs, and each of them, pray judgment against Defendants, and each

25   of them, for the following:

26      A.    General damages according to proof;

7

---

Complaint

1     B.      Special Damages according to proof;

2     C.      Punitive Damages;

3     D.      Pre-Judgment Interest according to law;

4     E.      Costs of this action; and

5     F.      Any other and further relief that the court considers proper.

6  DATED: June 29, 2007         LAW OFFICES OF BRUCE E. KRELL, INC.

7

8

9

10

11  By_____/S/_____
            MICHAEL COHEN

12  ### DEMAND FOR JURY TRIAL

13       PLEASE TAKE NOTICE that Plaintiffs hereby demand a trial by jury in this matter.

14  That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiffs demand a

15  trial by jury as is their guaranteed right.  Pursuant to FRCP, Rule 39, Plaintiffs request that the

16  matter be designated as a jury action upon the Court's docket.

17  DATED: June 28, 2007         LAW OFFICES OF BRUCE E. KRELL, INC.

18

19

20

21

22  By_____/S/_____
        Michael Cohen

23

24

25

26

8

_____
Complaint