Michael Cohen - #98066                    E-filing              Original
LAW OFFICES OF BRUCE E. KRELL                                    FILED
Grove Law Building                                              6/29/07
345 Grove Street                                         Wayne D. Brazil
San Francisco, CA 94102                         Clerk, U.S. District Court
415/861-4414                                Northern District of California
Fax: 415/431-4526                                               Oakland

Attorney for Plaintiffs

Howard L. Churchill - #79872
LEWIS, BRISBOIS, BISGAARD & SMITH
1 Sansome Street, Suite 1400
San Francisco, CA 94104
415/362-2580
Fax:415/434-0882                                                    ADR

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cheryl Horner,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Keystone America Inc., dba Jones and Lewis Clear Lake Memorial Chapel, and DOES 1-100,<br><br>　　　　Defendants.<br>_____/ | No. C07-03441 WDB<br><br>**JOINT FURTHER INTERIM CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>DATE: 8/11/08<br>TIME: 1:30 P.M.<br>DEPT: 4 |

　　　The parties to the above-entitled action jointly submit this Further Interim Case Management Statement and Proposed Order and request the court to adopt it as its Case Management Order in this case.

　　　In the first Case Management Conference, the Court sent the parties out with instructions to do basic discovery (without prejudice to doing fuller discovery later), with an eye to possible early mediation. In response, Defendant served basic written discovery, the parties exchanged documents and took the depositions of (a) the student embalmer who performed the at-issue embalming, (b) the Colorado mortician who received the body and determined that, because of

1 the body's condition, the open casket funeral the extended family and community had sought
2 would not be possible, and (c) the Defendant's general manager at the time of the at-issue
3 embalming who was the supervisor of the aforesaid student embalmer.

4 This was somewhat difficult because the first two deponents are located in fairly remote
5 areas of the United States (Lewistown, Montana, and Trinidad, Colorado), requiring, in both
6 cases, 2-stop air transportation followed by lengthy car travel; and the last two depositions
7 essentially took all day.  Further delay has been engendered by the fact that the transcript of the
8 second of those depositions took a long time to arrive from Colorado such that it could be
9 provided to the defense expert.

10 The transcript of the general manager's deposition has recently been received and sent to
11 the parties' consulting experts; and, as the Court is aware, based on Defendant's consulting
12 expert's opinion, Defendant has, within the past week, filed a Cross-Complaint against the
13 Colorado mortician, essentially for indemnity, pursuant to Stipulation and Court Order.  This
14 Cross-Complaint has not yet been served; and it is not known what the response to it will be.

15 The parties still contemplate some further basic depositions which will likely present
16 similar logistic difficulties as the first two did, because the two to four depositions the defense
17 anticipates in this round (for the purposes of beginning to assess damages) would take place in
18 Clear Lake, California and Albuquerque, New Mexico; and, if the health of Defendant's
19 representative who dealt most directly with Plaintiffs permits, his deposition would be taken in
20 Clear Lake, although whether he will be able to be deposed may not be known for a while.

21 There IS umbrella coverage.  Prior to Mediation, the parties will have to depose each
22 others' consulting experts.

23 The parties still believe that, after the above-mentioned discovery, and depending on
24 determination of the status of the Cross-Complaint, Mediation will still be possible, and would,
25 in any case, be the best way to resolve this case.  The parties believe that a further continuance of
26 this matter for another three months would best serve the needs of the parties and the Court; and

they therefore join in requesting such continuance.

ADDITIONAL PARTY

The parties request that deposition discovery be held in abeyance until Cross-Defendant Mullare-Murphy Funeral Home has appeared in order not to subject witnesses to multiple depositions. The Court has ordered that Mullare-Murphy be served within 30 days of the Order; the Cross-Complaint is out for service, and an appearance is anticipated within the time prescribed by law.

This being approximately 45 days hence at the latest, the parties suggest a further Case Management Conference on a date after that of the Court's choosing.

DATED: August 7, 2008                    DATED: August 7, 2008

LAW OFFICES OF BRUCE E. KRELL, INC.      LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

By_____/S/_____            By_____/S/_____
    Michael Cohen                            Howard Leigh Churchill

INTERIM CASE MANAGEMENT ORDER

The Interim Case Management Statement and Proposed Order is hereby adopted by the Court as the Interim Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

a.   By no later than _____, 2008, at <u>noon</u>, the parties must file a Further Joint Case Management Statement.

b.   Further Case Management Conference on _____, 2008, at 1:30 P.M.

c.   At that time, the Court shall make further Orders.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE