1  HOWARD L. CHURCHILL, SB# 79872
      E-Mail: churchill@lbbslaw.com
2  ANDJE MOROVICH, SB# 251288
      E-Mail: morovich@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   One Sansome Street Suite 1400
4  San Francisco, California 94104
   Telephone: (415) 362-2580
5  Facsimile: (415) 434-0882

6  Attorneys for KEYSTONE AMERICA, INC. dba
   JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| THE FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cherly Horner,<br><br>    Plaintiffs,<br><br>    v.<br><br>KEYSTONE AMERICA, INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL, and DOES 1-100,<br><br>    Defendants.<br>_____<br>KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL,<br><br>    Cross-Complainants,<br><br>    v.<br><br>MULLARE, MURPHY FUNERAL HOME, INC. a Colorado Corporation, and ROES 1-100,<br><br>    Cross-Defendants.<br>_____ | CASE NO. C07-03441 WDB<br><br>**DEFENDANT'S CROSS-COMPLAINT FOR INDEMNITY AGAINST MULLARE MURPHY FUNERAL HOME FOR:**<br><br>**1. Total Equitable Indemnification;**<br>**2. Apportionment of Fault/ Contribution;**<br>**3. Declaratory Relief**<br><br>**[Filed concurrently with Stipulation to Allow Cross-Complaint]** |

COMES NOW Cross-Complainants KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL ("Cross-Complainants"), who hereby complain and allege, as follows:

## I. JURISDICTION

1. These Counterclaims arise out of the same transactions and occurrence as set forth in the underlying complaint brought by plaintiffs THE FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cheryl Horner against defendant KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL. As such, subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332.

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2).

## II. PARTIES

1. At all times herein mentioned, Cross-complainant KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL was incorporated under the laws of the State of Delaware and was/is entitled to do business in the State of California.

2. Cross-Complainants are informed and believe, and thereon allege, that at all times mentioned herein and material hereto, Cross-Defendant, MULLARE, MURPHY FUNERAL HOME, INC., is a corporation, organized under the laws of the State of Colorado, and authorized to do business in the State of Colorado.

3. Cross-Complainants are uncertain of the true names and capacities of cross-defendants ROES 1 through 100, Inclusive, and sues said cross-defendants by such fictitious names. Cross-Complainants allege that each said ROE Cross-Defendant is responsible, as principal and/or agent, for the events alleged herein. Cross-Complainants will insert the true names and capacities of said fictitiously named Cross-Defendants when the same have been ascertained.

4. That Cross-Complainants are informed and believe, and thereon allege that at all times mentioned herein and material hereto, Cross-Defendants and ROES 1 through 100, inclusive, were the agents, servants, and employees and partners of the others, acting within the scope thereof. A reference to "Cross-Defendants," refers to these cross-defendants jointly and severally.

5. Cross-Complainants are named as defendants in a complaint brought by THE FAMILY OF LELA KAYE HORNER: Harold Horner, Connie Britt, Andy Horner, Cherly Horner (collectively referred to as "HORNER FAMILY"), in the above-entitled lawsuit which was filed in the Superior Court for the State of California, County of San Francisco, Case No. C07-03441 WDB, attached as Exhibit A is the HORNER FAMILY complaint.  The HORNER FAMILY complaint alleges negligence in connection with various cemetery and funeral services provided to the HORNER FAMILY for the burial of Lela Kaye Horner.  The allegations of the complaint are incorporated herein.

## GENERAL ALLEGATIONS

6. Cross-Complainants deny any liability or responsibility to the HORNER FAMILY. For the sole purpose of establishing the issues herein, Cross-Complainants re-allege the allegations contained in the HORNER FAMILY's complaint and incorporate each and all of the allegations within the HORNER FAMILY'S complaint as though fully set forth herein.

7. Cross-Complainants are informed and believe, and thereon allege, that at the time and place of the incident alleged in the HORNER FAMILY'S complaint on file herein, Cross-Defendants, and each of them, were negligent, careless, and reckless in a manner which was the proximate cause of the injuries and damages, if any, sustained by the HORNER FAMILY.

8. Cross-Complainants are informed and believe, and thereon allege, that Cross-Defendants MULLARE, MURPHY FUNERAL HOME, INC., together and in conjunction with one another through themselves and as agents of one another (collectively referred to as "MULLARE MURPHY"), entered into an agreement with the HORNER FAMILY for the care and preservation of the body of Lela Kaye Horner and to provide funeral and viewing services for the HORNER FAMILY in Colorado.

9. Cross-Complainants are informed and believe, and thereon allege, that pursuant to the agreement between MULLARE MURPHY and the HORNER FAMILY, MULLARE MURPHY, agreed to transport the body of Lela Kaye Horner from the Colorado Springs Airport to the MULLARE MURPHY premises in Trinidad, Colorado where the body would be maintained and preserved in a manner that would allow for open casket funeral services.

1 MULLARE MURPHY would then transport the body from Trinidad to Branson, Colorado for
2 funeral services and burial.

3     10. Cross-Complainants are informed and believe, and thereon allege, that pursuant to
4 the agreement between MULLARE MURPHY and the HORNER FAMILY, MULLARE
5 MURPHY had a duty to use such skill, prudence, and diligence, in performance of the various
6 cemetery and funeral duties and responsibilities of professionals which are commonly possessed
7 and exercised by licensed funeral homes in the performance of such tasks in its community.

8     11. Cross-Complainants are informed and believe, and thereon allege, that during the
9 course of the MULLARE MURPHY'S possession of Lela Kaye Horner, MULLARE MUPRHY
10 negligently performed its duties and obligations owed to the HORNER FAMILY pursuant to the
11 agreement to care for and preserve the body of Lela Kaye Horner such that an open casket service
12 could be held in Colorado. As a result of MULLARE MURPHY's negligent performance, the
13 HORNER FAMILY suffered damages which are the subject of their San Francisco Superior Court
14 Case complaint filed against Cross-Complainants. Should Cross-Complainant be found liable to
15 the HORNER FAMILY for damages, such liability is derivative of MULLARE MURPHY'S
16 negligence and breach of its duties and obligations owed to the HORNER FAMILY.

17     12. Cross-Complainants allege that in the event negligence of Cross-Defendants, and
18 each of them, is determined to have been a proximate cause of the injuries and damages, if any,
19 allegedly sustained by the HORNER FAMILY, then Cross-Complainants are entitled to full
20 indemnity and contribution from said Cross-Defendants, and each of them, on a comparative fault
21 basis and in an amount equal to the portion of the verdict or judgment herein, if any, which is
22 attributable to the negligent acts or omissions of Cross-Defendants, and each of them.

23                              **FIRST CAUSE OF ACTION**
24                              **(Total Equitable Indemnification)**

25     13. Cross-complainant re-alleges and incorporates herein by reference each and every
26 allegation set forth in paragraphs 1 - 12 though fully set forth herein.

27     14. MULLARE, MURPHY FUNERAL HOME, INC. a Colorado Corporation, and
28 ROES 1-100, and each of them, are in the business of providing funeral services in the state of

1  Colorado, and participated in providing funeral services for plaintiffs in conjunction with the
2  death of Lela Kaye Horner.

3      15.    Cross-Defendants, and each of them, in their capacity as funeral service providers
4  negligently handled, supervised, maintained, stored, shipped, and/or transported the body of Lela
5  Kaye Horner in conjunction with providing funeral services to the HORNER FAMILY.

6      16.    The principle action, set forth in the complaint, alleges, among other things, a right
7  to recover, through subrogation and indemnity, losses against cross-complainant KEYSTONE
8  AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL for damages
9  resulting from the presence of "purge" and inability to have an open casket ceremony for Lela
10 Kaye Horner in Colorado.

11     17.    Cross-Complainant is informed and believes and thereon alleges that if cross-
12 complainant is found to be liable for the damages, if any, allegedly sustained by plaintiffs, then
13 cross-defendants, and each of them, have an equitable duty to indemnify cross-complainant
14 because of the active and primary nature of the conduct of the cross-defendants, and each of them,
15 as contrasted with the passive and secondary nature of the conduct of this Cross-complainant.

16     18.    As a direct and proximate result, Cross-complainant has been damaged in a sum
17 which is currently not ascertainable, but which will be established according to proof at the time
18 of trial.

19     19.    Consequently, Cross-complainant KEYSTONE AMERICA, INC. dba JONES
20 AND LEWIS CLEAR LAKE MEMORIAL CHAPEL is entitled to total equitable indemnity, and
21 contribution, for any liability among and from the aforesaid cross-defendants, and each of them, in
22 exclusive proportion, for the damages and losses allegedly sustained by plaintiffs, by way of sums
23 paid in settlement, or judgment rendered against KEYSTONE AMERICA, INC. dba JONES
24 AND LEWIS CLEAR LAKE MEMORIAL CHAPEL in the action based upon plaintiffs'
25 complaint and/or on cross-complaints filed, or to be filed by others. Such indemnification and/or
26 contribution shall include any and all attorneys' fees and court costs incurred by KEYSTONE
27 AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL in the
28 defense of plaintiffs' complaint or in the defense of cross-complaints filed or to be filed herein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL hereby tenders its defense to MULLARE, MURPHY FUNERAL HOME, INC. and ROES 1-100, and each of them, and demands that they indemnify, defend and hold KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL harmless from and against all allegations of plaintiffs' complaint herein.

WHEREFORE, judgment is prayed as hereafter set forth.

## SECOND CAUSE OF ACTION

**(Apportionment of Fault/Contribution)**

20. Cross-Complainants refer to paragraphs 1 through 19 and incorporates the same herein by reference as though fully set forth.

21. Cross-Complainants are now faced with a loss, which, in good conscience, equity, and justice, Cross-Complainants should not be faced with by virtue of the conduct of Cross-Defendants, and each of them.

22. Each cross-defendant was responsible, in whole or in part, for the injuries, if any, suffered by plaintiffs.

23. By reason of the negligence of cross-defendants, and each of them, if any judgment or settlement occurs herein by which Cross-Complainants are required to make payment to the HORNER FAMILY, Cross-Complainants are entitled to contribution from Cross-Defendants in an amount commensurate with that portion of comparative fault attributable to the negligent acts and omissions of Cross-Defendants, and each of them.

24. If Cross-complainant KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL is judged liable to plaintiffs for subrogation and indemnity, each cross-defendant should be required to: (1) pay a share of plaintiffs' judgment which is in proportion to the comparative negligence of that cross-defendant in causing plaintiffs' damages, and (2) to reimburse cross-complainant KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL for any payment it makes to plaintiffs in excess of its proportional share of all cross-defendants' negligence.

WHEREFORE, judgment is prayed as hereafter set forth.

## THIRD CAUSE OF ACTION

### (For Declaratory Relief)

25. Cross-Complainants refer to paragraphs 1 through 24 and incorporates the same herein by reference as though fully set forth.

26. A dispute has arisen, and an actual controversy exists, between Cross-Complainants and Cross-Defendants, and each of them, concerning the respective rights, duties, and obligations of Cross-Defendants, and each of them, to indemnify or provide comparative contribution to Cross-Complainants in regard to a verdict or judgment, if any, rendered against Cross-Complainants in the above-entitled action by reason of the allegations of the HORNER FAMILY's complaint on file herein. Cross-Complainants respectfully requests a declaration of rights and duties of Cross-Defendants, and each of them, to Cross-Complainants.

27. It is the contention of the Cross-Complainants that in the event the acts and omissions of Cross-Defendants, and each of them, are determined to have been a proximate cause of the injuries and damages, if any, allegedly sustained by the HORNER FAMILY, then Cross-Complainants are entitled to indemnity or comparative contribution from Cross-Defendants, and each of them, in an amount commensurate with the degree of fault attributable to the negligence of Cross-Defendants, and each of them.

28. Cross-Complainants are informed and believe, and thereon allege, that Cross-Defendants, and each of them, deny any breach of duty on their part and further deny, by implication, that they are obligated to indemnify or provide comparative contribution to Cross-Complainants.

29. Cross-Complainants have incurred and will continue to incur attorney's fees, expert fees, costs and discovery expenses in the above-entitled action. The exact amount of said attorney's fees, expert fees, costs and discovery expenses incurred, or to be incurred, has not yet been ascertained. Cross-Complainants will seek leave of the Court, if necessary, to assert herein the true amount thereof in this Cross-Complaint when the amount has been ascertained. Cross-Defendants, and each of them, are obligated to Cross-Complainants for each and all of said attorney's fees, expert fees, costs and discovery expenses which have been incurred, or which will

be incurred, by Cross-Complainants in the above-entitled action, and cross-defendants, and each of them, should be ordered to pay to Cross-Complainants the true amount thereof upon the trial of the above-entitled action.

WHEREFORE, Cross-Complainants herein pray for judgment against cross-defendants, and each of them, as follows:

### PRAYER FOR RELIEF

1. If Cross-Complainants are found to be liable to plaintiff in the case in chief, then for judgment to be rendered against Cross-Defendants, and each of them, for full, complete or partial indemnity in an amount commensurate with that degree of fault attributable to the negligence of Cross-Defendants, and each of them;

2. For a decree by this Court resolving all of the rights and liability of the parties, and each of them, with specific reference to Cross-Complainant's right of indemnity or comparative contribution from Cross-Defendants, and each of them;

3. For a declaration by this Court determining that Cross-Complainants are entitled to reimbursement by way of indemnification or comparative contribution from Cross-Defendants, and each of them, in respect to any and all settlements or compromises which may be entered into between Cross-Complainants and plaintiff, and that said reimbursement be determined upon the basis of the comparative fault of Cross-Defendants, and each of them, in relation to the total sum of any such settlement;

4. For all attorney's fees, expert fees, costs and discovery expenses incurred, or to be incurred, by Cross-Complainants as a defendant in the above-entitled action, according to proof;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED: August 7, 2008    LEWIS BRISBOIS BISGAARD & SMITH LLP

By    /s/ Andje Morovich
Howard L. Churchill
Andje Morovich
Attorneys for KEYSTONE AMERICA, INC. dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL

**CERTIFICATE OF SERVICE BY MAIL**
*United States District Court, Northen District of California, Oakland Division*
Case No. CO7-03441 WDB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On August 7, 2008, I served the following document(s):

**DEFENDANT'S CROSS-COMPLAINT FOR INDEMNITY AGAINST MULLARE MURPHY FUNERAL HOME FOR:**

**1. Total Equitable Indemnification;**
**2. Apportionment of Fault/Contribution;**
**3. Declaratory Relief**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael Cohen, Esq.
LAW OFFICE OF BRUCE E. KRELL
345 Grove Street
San Francisco, California 94102
Tel.: 415.861.4414
Fax: 415.431.4526
**ATTORNEYS FOR PLAINTIFFS**

The documents were served by the following means:

[X]    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ]    Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]    Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

[X]    (FEDERAL)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 7, 2008, at San Francisco, California.

*/s/* Elaine Auwbrey
Elaine Auwbrey

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580