1  Michael Cohen - #98066                          E-filing                    Original
   LAW OFFICES OF BRUCE E. KRELL                                               FILED
2  Grove Law Building                                                         6/29/07
   345 Grove Street                                                    Wayne D. Brazil
3  San Francisco, CA 94102                                     Clerk, U.S. District Court
   415/861-4414                                            Northern District of California
4  Fax: 415/431-4526                                                          Oakland

5  Attorney for Plaintiffs

6  Howard L. Churchill - #79872
   LEWIS, BRISBOIS, BISGAARD & SMITH
7  1 Sansome Street, Suite 1400
   San Francisco, CA 94104
8  415/362-2580
   Fax:415/434-0882                                                              ADR

9

10

11              UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

12  THE FAMILY OF LELA KAYE HORNER:        No. C07-03441 WDB
    Harold Horner, Connie Britt, Andy Horner,
    Cheryl Horner,                         **JOINT FURTHER INTERIM CASE**
13                                          **MANAGEMENT STATEMENT AND**
            Plaintiffs,                     ~~**PROPOSED**~~ **ORDER**
14
    vs.                                     DATE: 8/11/08
15                                          TIME: 1:30 P.M.
    Keystone America Inc., dba Jones and Lewis   DEPT: 4
16  Clear Lake Memorial Chapel, and DOES 1-100,

17          Defendants.
                                          /
18

19          The parties to the above-entitled action jointly submit this Further Interim Case

20  Management Statement and Proposed Order and request the court to adopt it as its Case

21  Management Order in this case.

22          In the first Case Management Conference, the Court sent the parties out with instructions

23  to do basic discovery (without prejudice to doing fuller discovery later), with an eye to possible

24  early mediation.  In response, Defendant served basic written discovery, the parties exchanged

25  documents and took the depositions of (a) the student embalmer who performed the at-issue

26  embalming, (b) the Colorado mortician who received the body and determined that, because of

1   the body's condition, the open casket funeral the extended family and community had sought

2   would not be possible, and (c) the Defendant's general manager at the time of the at-issue

3   embalming who was the supervisor of the aforesaid student embalmer.

4          This was somewhat difficult because the first two deponents are located in fairly remote

5   areas of the United States (Lewistown, Montana, and Trinidad, Colorado), requiring, in both

6   cases, 2-stop air transportation followed by lengthy car travel; and the last two depositions

7   essentially took all day.  Further delay has been engendered by the fact that the transcript of the

8   second of those depositions took a long time to arrive from Colorado such that it could be

9   provided to the defense expert.

10         The transcript of the general manager's deposition has recently been received and sent to

11  the parties' consulting experts; and, as the Court is aware, based on Defendant's consulting

12  expert's opinion, Defendant has, within the past week, filed a Cross-Complaint against the

13  Colorado mortician, essentially for indemnity, pursuant to Stipulation and Court Order.  This

14  Cross-Complaint has not yet been served; and it is not known what the response to it will be.

15         The parties still contemplate some further basic depositions which will likely present

16  similar logistic difficulties as the first two did, because the two to four depositions the defense

17  anticipates in this round (for the purposes of beginning to assess damages) would take place in

18  Clear Lake, California and Albuquerque, New Mexico; and, if the health of Defendant's

19  representative who dealt most directly with Plaintiffs permits, his deposition would be taken in

20  Clear Lake, although whether he will be able to be deposed may not be known for a while.

21         There IS umbrella coverage.  Prior to Mediation, the parties will have to depose each

22  others' consulting experts.

23         The parties still believe that, after the above-mentioned discovery, and depending on

24  determination of the status of the Cross-Complaint, Mediation will still be possible, and would,

25  in any case, be the best way to resolve this case.  The parties believe that a further continuance of

26  this matter for another three months would best serve the needs of the parties and the Court; and

1  they therefore join in requesting such continuance.

2                          ADDITIONAL PARTY

3          The parties request that deposition discovery be held in abeyance until Cross-Defendant

4  Mullare-Murphy Funeral Home has appeared in order not to subject witnesses to multiple

5  depositions.  The Court has ordered that Mullare-Murphy be served within 30 days of the Order;

6  the Cross-Complaint is out for service, and an appearance is anticipated within the time

7  prescribed by law.

8          This being approximately 45 days hence at the latest, the parties suggest a further Case

9  Management Conference on a date after that of the Court's choosing.

10  DATED: August 7, 2008                    DATED: August 7, 2008

11  LAW OFFICES OF BRUCE E. KRELL, INC.   LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

12  By_____/S/_____   By_____/S/_____

         Michael Cohen                         Howard Leigh Churchill

13                  INTERIM CASE MANAGEMENT ORDER

14          The Interim Case Management Statement and Proposed Order is hereby adopted by the

15  Court as the Interim Case Management Order for the case and the parties are ordered to comply

16  with this Order.  In addition the Court orders:

17                                  October 30,
         a.      By no later than _____, 2008, at noon, the parties must file a Further Joint

18  Case Management Statement.

19                                                  November 3,
         b.      Further Case Management Conference on _____, 2008, at 1:30 P.M.

20

21      c.      At that time, the Court shall make further Orders.

22  DATED: __8/7/2008_____

23

24

25  UNITED STATES MAGISTRATE JUDGE

26

                                        3