UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Family of Lela Horner, | No. C 07-3441 (WDB) |
| Plaintiff(s) | **PRE-TRIAL ORDER** |
| v. | |
| Keystone America, Inc., | |
| Defendant(s). | |

On December 17, 2008, the court held a case management conference in the above-captioned case. For reasons set forth on the record, the court hereby ORDERS the following:

1. The jury trial shall begin on **Wednesday, September 16, 2009**, at **8:00 a.m.**, in Courtroom 4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland, California.

2. On **Wednesday, September 2, 2009,** at **1:30 p.m.,** the court will hold the final pretrial conference. Lead trial counsel for each party must participate in the conference. The conference may be held telephonically if the parties desire, in which case plaintiff must notify the court by 4:00 p.m. the day before the

1

conference. Plaintiff must initiate a conference call at the time noticed and call the court at (510) 637-3909 when all parties are on the line.

3. The Court will schedule deadlines for dispositive motions as well as for the cut off of all discovery at the April 1, 2009, case management conference.

## MEET AND CONFER

4. Not less than **30 days** prior to the date of the Final Pretrial Conference, the parties must meet and take all steps necessary to fulfill the requirements of this order.

## WITNESSES AND DEPOSITION TESTIMONY

5. No less than **15 court days** before the final pretrial conference, each party must file, serve, and separately lodge with chambers a list of witnesses it intends to call on direct examination, in the order that the party expects to call them, with a brief description of the subject areas upon which each witness will testify, a description of the significance (in terms of factual propositions and/or legal theories) of the expected testimony, and an estimate of the time that direct examination will consume. Each party also must file and serve, with its witness list, excerpts from the deposition testimony of witnesses not testifying in person that may be presented at trial, specifically reproducing the pages and marking the lines of the relevant transcript excerpts. Two copies of the witness list and deposition excerpts must be lodged directly with chambers. (Full deposition volumes should not be lodged with the court.)

6. The parties will be precluded from offering substantive evidence (i.e., evidence offered for any purpose other than impeachment) by live testimony through any person not listed on the witness list or by deposition testimony not included in the submitted excerpts, and will be precluded from supplementing the witness list or the deposition excerpts after the deadline set herein for exchanging

this material, except upon the express permission of the court.  The court will permit the testimony of persons not designated in the witness list or the use of deposition excerpts not timely disclosed <u>only</u> upon a <u>substantial</u> showing that:  (a) no party will be prejudiced or suffer undue hardship, (b) the failure to timely designate the witness or testimony was clearly justified, and (c) the interests of justice otherwise warrant permitting the testimony.

7. Counsel ordinarily will be permitted at trial to present foundational matter and factual evidence describing the educational and employment background of witnesses in summary, leading form.

## **EXHIBITS**

8. No less than **15 court days** before the final pretrial conference, counsel must **exchange** all exhibits (premarked), including demonstrative exhibits, that they intend to use as part of their case-in-chief at trial.

9. Except for purposes of impeachment, the parties will be precluded from offering in evidence, using as demonstrative evidence, or examining any of their witnesses concerning any exhibit not exchanged by this deadline, except upon the express permission of the court.  The court will permit supplementation of exhibits after the exchange date <u>only</u> upon a <u>substantial</u> showing that:  (a) no party will be prejudiced or suffer undue hardship, (b) the failure to timely designate the exhibit was clearly justified, and (c) the interests of justice otherwise warrant the supplemental designation.

10. The court has attached to this Order the form of exhibit labels to be used by each side.  Each side should label their exhibits prior to trial.  Plaintiffs must label their exhibits numerically as follows:  **"Pltf -1, Pltf-2, Pltf-3, etc ....**"  Defendants must label their exhibits numerically as follows:  "**Def-1, Def-2, Def-3, etc.**"  Counsel must not write in the space provided for "date entered" or "signature."  The court has also attached to this Order an example of an "Exhibit

3

List." Each party must create an Exhibit List that is substantially similar to the attached form and, prior to trial, must list the number of each exhibit the party intends to offer at trial and briefly describe each such exhibit.

11. No less than **2 court days** before the start of **trial**, each party must deliver to chambers, in looseleaf binders, a sufficient number of complete sets of all documentary exhibits to ensure that the judge, his law clerk, and each juror will have their own set of documentary exhibits during trial. These sets are in addition to exhibits counsel will officially submit to the courtroom deputy at trial and any copies of exhibits counsel will want to show witnesses on the stand. All exhibits must be premarked for identification according to the system set forth herein.

## EVIDENTIARY MOTIONS

12. No less than **12 court days** before the final pretrial conference, counsel must meet and confer to resolve any objections to the use of witnesses, deposition excerpts, and/or exhibits.

13. The court will entertain foundational objections as to any document only if (1) the document is of real significance in adjudicating the merits of the case and (2) objecting counsel articulates a principled basis for believing that the document is not what it purports to be.

14. If, **after meeting and conferring**, a party continues to object to the admission of evidence on either of the following foundational grounds: (1) the authenticity of a document or exhibit, or (2) the qualifications of expert witnesses, the objecting party may file a motion to exclude the evidence, along with any other motions in limine.

15. All motions in limine, including those referred to in paragraph 14, must be filed, served and lodged separately with chambers no less than **10 court days** before the final pretrial conference. Failure to file a timely objection may waive a party's right to challenge the admissibility of evidence at trial.

4

16. No less than **5 court days** before the final pretrial conference, oppositions to evidentiary motions must be filed, served, and separately lodged with chambers.  No replies are to be filed.

## **VOIR DIRE**

17. Counsel must meet to prepare a **joint** set of voir dire questions.

18. No less than **10 court days** before the final pretrial conference, the parties must file **jointly** a set of voir dire questions they would propose the court to ask.  (Note: The court has attached to this order a short list of basic questions which the court will ask the potential jurors in open court.)  The parties also must deliver a copy of the proposed voir dire questions directly to chambers.  The parties also must describe any request to conduct limited voir dire by counsel, setting forth each proposed question and justifying why the question should be asked by counsel rather than the court.

19. Proposed voir dire questions about which the parties cannot agree also must be set forth in the parties' **joint** submission.  In the parties' **joint** submission, (1) the proponent of the question must set forth succinctly the basis for his or her request that the question be asked, with citation to authority, and immediately thereafter, (2) the party opposing use of the question must set forth succinctly the basis for his or her opposition, with citation to authority.

## **JURY INSTRUCTIONS**

20. Counsel must meet to prepare a **joint** set of case-specific jury instructions.

21. No later than **15 court days** before the final pretrial conference, the parties must file their **joint** set of proposed **case-specific** jury instructions.  The parties also must deliver two copies of the proposed jury instructions directly to

1  chambers.  The parties must not submit generic instructions; the court uses the
2  instructions approved by the Ninth Circuit for these purposes.
3       22. Proposed jury instructions about which the parties cannot agree also
4  must be set forth in the parties' **joint** submission.  In the parties' **joint** submission,
5  (1) the proponent of the instruction must set forth succinctly the basis for his or her
6  request that the instruction be given, with citation to authority, and immediately
7  thereafter, (2) the party opposing use of the instruction must set forth succinctly the
8  basis for his or her opposition, with citation to authority.

## JOINT PRETRIAL STATEMENTS

11       23.  Counsel must meet to prepare a **joint** pretrial statement.  The parties
12  must file the **joint** pretrial statement no later than **15 court days** before the final
13  pretrial conference.  Counsel also must deliver two copies of the statement directly
14  to chambers. The joint pretrial statement must contain the following information:
15      a.    a succinct chronological description of the alleged events and
16          circumstances out of which the parties' claims and defenses arise;
17      b.    a brief description of the substance of claims and defenses that remain
18          to be decided, citing the primary sources of legal authority for each
19          such claim or defense;
20      c.    a statement of the relief requested, itemizing the elements of damages
21          claimed;
22      d.    a statement of any stipulations proposed for pretrial and trial purposes.

## PRESENTATION TIME LIMITS

25       24.  Counsel are advised that at the final pretrial conference the court <u>will</u>
26  impose time limitations on each side's presentation at trial.  Usually, the court
27  imposes "over-all" limits on each side (e.g., 12 hours each), meaning that each
28  party may use the allotted time in whatever manner the party chooses, *e.g.,* making

6

1  an opening statement, conducting direct and cross-examination, entering
2  documents, performing demonstrations, making closing argument, etc.
3  Accordingly, counsel must attempt to generate a joint proposal with respect to
4  what amount of time will be necessary to present this case, and must be prepared to
5  justify their proposal(s) at the final pretrial conference.

## **SETTLEMENT**

8      25. The court strongly encourages the parties to continue discussing
9  settlement of the case, exploring in good faith all reasonable settlement options.
10 The parties have asked the Court to refer the case to an administrator who will seek
11 to identify a mediator who would be available to facilitate negotiations. This
12 matter is referred to the Court's ADR program. The parties will participate in a
13 court sponsored mediation during the month of March 2009.
14     Plaintiff must notify the court in writing if the parties have not heard from
15 the ADR Department by January 21, 2009.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**FOLLOW UP CASE MANAGEMENT CONFERENCE**

26. **On Wednesday, April 1, 2009, at 1:30 p.m.**, the Court will conduct a further case management conference in this action.

27. **By Monday, March 30, 2009, at noon,** the parties must file a brief joint case management conference statement describing what the parties have accomplished prior to that time and what the parties will need to accomplish prior to trial.

IT IS SO ORDERED.

DATED: December 19, 2008

_____
Wayne D. Brazil
United States Magistrate Judge

Copies to:
    All parties
    WDB, Stats