IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD HORNER, ET AL.,

Plaintiffs,

v.

KEYSTONE AMERICA INC.,

Defendant.

No. C 07-03441 WDB

**ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Following entry of judgment on September 23, 2009, Plaintiffs seek an award of attorneys' fees in the amount of $445,305.00. Plaintiffs' motion for attorneys' fees is fully briefed, and the Court finds the matter suitable for decision without oral argument. The Court therefore ORDERS that the hearing on Plaintiffs' motion set for October 29, 2009, be VACATED. For the reasons set forth below, Plaintiffs' motion for attorneys' fees will be DENIED. Defendant's request for Rule 11 sanctions will be DENIED.

Plaintiffs also filed a bill of costs, which will be awarded to Plaintiffs and against Defendant in the amount of $6,042.19.

I.      **Background**

Plaintiffs Harold Horner, Connie Britt, Andy Horner and Cheryl Horner sued Defendant Keystone America for breach of contract and professional negligence in providing funeral services. At trial, the jury found in favor of Plaintiffs on their breach of contract claim, based on failure to provide appropriate and dignified services, and found against

1  Plaintiffs and in favor of Defendant on the professional negligence claim. Judgment was
2  entered accordingly. The Court awarded Plaintiffs costs of suit, according to proof.

## II. Plaintiffs' Motion for Attorneys' Fees

Under California law, a prevailing party is ordinarily not entitled to attorneys' fees unless the parties have previously agreed to shift fees or the fees are otherwise provided by statute. *In re Bennett*, 298 F.3d 1059, 1070 (9th Cir. 2002).

There is no statutory or contractual basis for awarding fees to Plaintiffs here. The contract for funeral services explicitly provides that "**each party shall pay its own attorney's fees** incurred in connection with any collection effort or any other dispute of any nature relating to this Agreement and the transaction contemplated hereby." Pls' Mot., Ex. 2 (emphasis added). Although the contract accords the right to recover "all reasonable costs of collection to the extent permitted by law," the contract clearly and unambiguously distinguishes costs (of collection) from attorneys' fees. As provided, attorneys' fees are not recoverable either in a collection action or in "any other dispute of any nature relating to this Agreement and the transactions contemplated thereby."

Despite the plain language of the funeral services contract, Plaintiffs contend that the contract provides Defendant the right to attorneys' fees in a collection action, and that by operation of California Civil Code section 1717, the funeral services contract authorizes the reciprocal right to Plaintiffs to recover fees as the prevailing parties. Pls' Mot. at 3 and Ex. 2. Section 1717 provides in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civil Code § 1717(a). Section 1717 thus creates a reciprocal right to attorney fees for all parties where the contract provides the right to fees only to one party. *See Campbell v. Scripps Bank*, 78 Cal. App. 4th 1328, 1336-37 (2000). Contrary to Plaintiffs' assertion,

Defendant would not be entitled to recover attorneys' fees under the parties' funeral services contract even if it had filed a collection action against Plaintiffs. Where, as here, the contract expressly prevents a party from recovering attorneys' fees, Section 1717 does not operate to create a right to shift fees.

Courts apply traditional contract interpretation principles to assess the extent of the parties' rights to recover attorneys' fees under a contract provision. *Butler-Rupp v. Lourdeaux,* 154 Cal. App. 4th 918, 929 (2007); *Royster Construction Co. v. Urban West Communities*, 40 Cal. App. 4th 1158, 1170 (1995). The Court applies the following contract interpretation principles under California law:

> [T]he mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless used in a technical sense or a special meaning is given to them by usage," controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning.

*Butler-Rupp*, 154 Cal. App. 4th at 929 (citations omitted).

Here, there is no ambiguity in the language of the funeral services contract regarding attorneys' fees; the contract could not be clearer in providing that "each party shall pay its own attorney's fees." *Cf. Oklahoma Fixture Co. v. Ask Computer Systems, Inc.*, 45 F.3d 380, 382 (10th Cir. 1995) (holding that contract which did not specifically provide for attorneys' fees contained a broad provision for "all reasonable collection costs" which reasonably included fees). In contrast to *Oklahoma Fixture* and other cases cited by Plaintiffs where courts permitted recovery of fees, the clear and explicit language of this contract, providing that each party bears its own attorneys' fees, precludes the Court from shifting fees in favor of Plaintiffs. Therefore, Plaintiffs' motion for attorneys' fees is DENIED.

### III.  Defendant's Request for Sanctions

Defendant asserts that sanctions would be appropriate against Plaintiffs for raising a frivolous, unsupported claim for attorneys' fees. Defendant did not file separately a motion

for sanctions as required by Civil Local Rule 7-8. Thus, Defendant's request for Rule 11 sanctions is DENIED.

### IV. Plaintiffs' Bill of Costs

Plaintiffs seek taxation of costs against Defendant in the amount of $12,834.79. For the reasons discussed below, costs will be awarded to Plaintiffs in the amount of $6,042.19.

#### A. Taxable Costs Pursuant to Section 1920

Pursuant to the Judgment entered on September 23, 2009, Plaintiffs are entitled to recover costs of suit, according to proof. The following expenses may be taxed as costs under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828.

#### B. Costs Billed by Plaintiffs

##### 1. Service of Process

Plaintiffs may recover as costs the requested amounts of $350.00 in filing fees and $45.00 for service of process. The delivery fees in the amount of $114.68 requested by Plaintiffs are not recoverable as costs under Section 1920, and are therefore denied.

4

### 2. Transcripts

Plaintiffs may recover the requested cost of $305.55 for the transcript of the Pretrial Conference held by the Court on 9/2/09.

Pursuant to Civil Local Rule 54-3(c), Plaintiffs may recover the costs of the following deposition transcripts, in the total amount of $3,748.94:

      Jeanette Sousa ($333.11 + 12.73);

      Thomas Murphy ($476.85);

      Bryan Anderson ($1,058.30);

      Andy and Harold Horner ($190.00);

      Cheryl Horner and Ted Christiansen ($511.20);

      Richard Callahan ($949.35);

      Connie Britt ($217.40).

Plaintiffs may not, however, recover expenses of counsel for attending depositions. Civil Local Rule 54-3(c)(3). Nor may Plaintiffs recover counsel's parking fees for filing documents or attending trial. Thus, Plaintiffs' request for costs in the amount of $1,337.33 billed for airfare, hotel, rental car and parking is denied.

### 3. Witnesses

Plaintiffs may recover expert witness fees of $40 per day, as set forth in 28 U.S.C. § 1821(b). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Thus, Plaintiffs are awarded a total of $80 in witness fees for the following witnesses who appeared for deposition or testified at trial: Melissa Williams (9/17/09); Richard Callahan (3/5/09). Plaintiffs seek an additional $1100 in costs for Ms. Williams incurred on 6/24/08 and 2/9/09, which do not appear to have been incurred for attendance at any court or deposition, and which are therefore denied. Plaintiffs further seek a witness fee of $2,000.00 incurred on 4/23/09 for Lloyd Cunningham, who did not appear for deposition or in court; Mr. Cunningham's fee is also denied. 28 U.S.C. § 1821(a)(1).

Pursuant to Section 1821(c)(1), Plaintiffs may recover $267.80 charged for Ms. Britt's airfare on 9/10/09. Pls' Bill of Costs at 7. Plaintiffs may also recover the following travel

expenses incurred by Ms. Williams in the total amount of $641.89: $369.20 in airfare; $74.00 for airport shuttle; $198.69 for hotel. *See* Pls' Bill of Costs at 6. The other fees charged by Ms. Williams are not recoverable as costs.

### 4. Reproduction and Exemplification

Pursuant to Civil Local Rule 54-3(d), Plaintiffs may recover the costs of reproducing the St. Helena hospital records ($29.45) and trial exhibits ($573.56), for a total amount of $603.01 in copying expenses. *See* Pls' Bill of Costs at 9, 20. Plaintiffs may not however, recover the cost of reproducing motions and other routine case papers; thus, the Pacer charge of $20.48 and the unsubstantiated copying charges in the amount of $25.11 are not allowed as costs.

### C. Total Award of Costs

For the reasons discussed here, costs are awarded to Plaintiffs in the total amount of $6,042.19.

## V. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

(1) Plaintiffs' motion for attorneys' fees (docket no. 124) is DENIED;

(2) Defendant's request for sanctions is DENIED;

(3) Plaintiffs' costs in the amount of $6,042.19, are taxed against Defendant;

(4) The October 29, 2009, hearing on Plaintiffs' fee motion is VACATED.

**IT IS SO ORDERED.**

Dated: October 27, 2009

TIMOTHY J BOMMER
United States Magistrate Judge